09-2129-ag
Li v. Holder
BIA
A073 189 004

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

_____At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand ten.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           RICHARD D. CUDAHY,[*]
                     *Circuit Judges*.

-----------------------------------------------------------------
GUANG MING LI,
          *Petitioner*,

                 v.                              No. 09-2129-ag
                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent*.
-----------------------------------------------------------------

FOR PETITIONER:          Guang Jun Gao, Flushing, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Laura M. L. Maroldy, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

---

[*] Senior Circuit Judge Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Guang Ming Li, a native and citizen of the People's Republic of China, seeks review of the May 6, 2009 order of the BIA denying his motion to reopen. See In re Guang Ming Li, No. A073 189 004 (B.I.A. May 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen an immigration proceeding for abuse of discretion, see Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006), and identify none in its denial of Li's motion. In general, a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened, and only one such motion may be filed. See 8 C.F.R. § 1003.2(c)(2). There is no dispute that Li's second motion to reopen, filed in March 2009, was numerically barred and untimely in light of the BIA's issuance of a final order of removal in February 2003. See id. Li argues that his marriage, the birth of his son, and the I-730 petition for classification as a derivative asylee filed on his behalf provided a basis to reopen the proceedings pursuant to an exception applicable when conditions have changed in the country of nationality. See 8 C.F.R. § 1003.2(c)(3)(ii). The argument is without merit, as changes in an alien's personal circumstances, such as those alleged by Li, are not "changed circumstances arising in the country of nationality" as required under

2

§ 1003.2(c)(3)(ii).  See Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir. 2006).

Because the BIA did not abuse its discretion in concluding that Li failed to demonstrate that he qualified for an exception to the time and number limitations under 8 C.F.R. § 1003.2(c)(3), its denial of Li's motion to reopen was not in error.

We have considered all of Li's remaining arguments on appeal and conclude that they are without merit.  For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk